UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MYRON ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| MUNROE, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Pennsylvania corporation that does business in Georgia and has a plant located in Ringgold, Georgia. Its registered agent for service of process in Georgia is Munroe, Inc., 328 Mount Pisgah Road, Ringgold, Georgia, 30736.

3. At its plant in Ringgold, Georgia, Defendant manufactures parts for use in boilers, which it distributes to its customers across state lines to numerous

states throughout the United States.

4. Plaintiff has been employed by Defendant at its plant in Ringgold, Georgia from December of 1997 through the present. Plaintiff is employed as a laborer. He assists with the manufacturing process, and also performs various other tasks, including maintenance tasks and loading and unloading supplies and products.

5. Defendant pays Plaintiff an hourly rate for his work, and he records his time on a computerized time recording system.

6. Plaintiff works a standard schedule of 7:00 a.m. to 5:30 p.m., Monday through Thursday, but he sometimes also works on Fridays and/or Saturdays.

7. In accordance with Defendant's instructions, Plaintiff clocks in before the start of his shift in the morning and clocks out at the end of his shift in the afternoon. Defendant automatically deducts a 30-minute lunch break from Plaintiff's recorded time each day.

8. Although Plaintiff is able to take uninterrupted 30-minute lunch breaks during some work days, Defendant routinely requires Plaintiff to interrupt his lunch breaks to perform work, such as using a fork lift to move supplies that are delivered during his lunch breaks, and assisting with loading Defendant's products onto trucks that arrive at Defendant's plant to transport the products. These tasks

require that Plaintiff work during a substantial portion of his lunch breaks.

9. Although Plaintiff routinely works during his lunch breaks, Defendant does not compensate Plaintiff for this work. Accordingly, Plaintiff routinely works overtime hours for which he receives no compensation.

10. Defendant is an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

11. Plaintiff is an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

12. Plaintiff engages in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

13. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

15. Pursuant to Section 207(a)(1) of the FLSA, Defendant is required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

16. Defendant's failure to pay Plaintiff overtime wages of one and one-

half times his regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

17. Defendant's violation of Section 207 of the FLSA is willful. Specifically, Defendant is well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA, or has recklessly disregarded its legal obligation.

18. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

19. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) interest;

(d) reasonable attorney's fees and costs; and

(e)  all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
 Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff